Filed 2/21/14  P. v. McCoy CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DAVON E. McCOY,<br><br>    Defendant and Appellant. | B249684<br><br>(Los Angeles County<br>Super. Ct. No. YA026628) |

APPEAL from orders of the Superior Court of Los Angeles County.  William C. Ryan and Mark S. Arnold, Judges.  Appeal dismissed.

Davon E. McCoy, in pro. per.; and Suzan E. Hier, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

On August 7, 1996, the trial court in this matter sentenced Davon McCoy to 25 years to life under the "Three Strikes" law (Pen. Code, §§ 667, subds. (b)-(i) & 1170.12, subds. (a)-(d)),[1] after a jury found him guilty of attempted second degree robbery (§§ 211 & 664) and possession of a firearm by a felon (former § 12021, subd. (a)(1)). At that sentencing hearing, the court found McCoy had sustained two prior serious felony convictions, one for assault with a deadly weapon on a peace officer or firefighter (§ 245, subd. (c)) on February 11, 1993, and one for attempted robbery on August 1, 1994.

On November 26, 2012, McCoy filed a petition to recall his sentence under the Three Strikes Reform Act of 2012, added by Proposition 36. (§ 1170.126.) Under section 1170.126, an "inmate is eligible for resentencing if" the inmate "is serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or subdivision (c) of Section 1170.12 for a conviction of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7." (§ 1170.126, subd. (e)(1).) On January 14, 2013, the trial court (Judge William Ryan) issued a minute order denying the petition with prejudice without a hearing on the ground McCoy's "current offense is a serious and/or violent felony under Penal Code section[s] 1192.7(c) and 667.5(c), making defendant ineligible for resentencing under Penal Code section 1170.126."

On May 17, 2013, McCoy filed a letter brief in the trial court, challenging the validity of one of the prior strikes the trial court used to impose the term of 25 years to life when the court sentenced him in August 1996. He challenged the validity of the February 11, 1993 conviction for assault with a deadly weapon on a peace officer or firefighter. McCoy also had raised a challenge to this prior conviction in his November 26, 2012 petition to recall his sentence. The trial court (Judge Mark Arnold) considered McCoy's letter brief and issued a minute order on May 17, 2013 rejecting McCoy's challenge to his prior strike and ruling the "present sentence remains intact."

---

[1] Further statutory references are to the Penal Code.

2

On June 25, 2013, McCoy filed a notice of appeal from the January 14, 2013 order denying his petition to recall his sentence and the May 17, 2013 order denying his "[p]etition requesting reconsideration" of that order. We appointed counsel to represent him on appeal. After examination of the record, counsel filed an opening brief raising no issues and asking this court to review the record independently pursuant to *People v. Wende* (1979) 25 Cal.3d 436. On October 29, 2013, we advised McCoy that he personally had 30 days to submit any contentions or issues he wished us to consider. We also directed his appointed counsel to send the record and opening brief to McCoy immediately. On November 25, 2013, McCoy filed a 17-page supplemental brief attaching numerous exhibits relating to the court trial on his prior convictions.

Courts of Appeal are split on the issue of whether a person who is found to be ineligible for resentencing under section 1170.26 may appeal from an order denying a petition to recall a sentence, and the Supreme Court has granted review to consider the appealability of such an order. (See, e.g., *Teal v. Superior Court* (2013) 217 Cal.App.4th 308, review granted July 31, 2013, S211708; *People v. Hurtado* (2013) 216 Cal.App.4th 941, review granted July 31, 2013, S212017; *People v. Leggett* (2013) 219 Cal.App.4th 846, review granted Dec. 18, 2013, S214264.)

McCoy's notice of appeal from the January 14, 2013 order denying his petition to recall his sentence was not timely. He filed the notice of appeal on June 25, 2013, more than five months after the clerk served notice of entry of the order. (Cal. Rules of Court, rule 8.104 [notice of appeal must be filed within 60 days after the clerk of the court serves notice of entry of order].)

In his notice of appeal, McCoy characterizes his May 17, 2013 letter brief filed in the trial court as a request for reconsideration of the January 14, 2013 order denying his petition to recall his sentence. The May 17, 2013 letter brief, however, states that McCoy is requesting reconsideration of a September 23, 2005 minute order denying his motion to strike one of his prior convictions. The May 17, 2013 letter brief does not state McCoy is requesting reconsideration of the order denying his petition to recall his sentence. Moreover, the May 17, 2013 letter brief challenges the validity of one of his prior

3

convictions, which is not a proper ground for moving to recall a sentence under section 1170.126.[2] McCoy does not dispute the current offense—attempted second degree robbery—is a serious or violent felony. As set forth above, this fact precludes relief under section 1170.126.

We have examined the record and are satisfied that McCoy's counsel has complied with her responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 109-110; *People v. Wende*, *supra*, 25 Cal.3d at p. 441.)

## DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED.


                                        CHANEY, Acting P. J.
We concur:



JOHNSON, J.



MILLER, J.[*]

---

[2] We have reviewed the entire record and McCoy's supplemental brief on appeal and see no valid ground for McCoy's challenge to his prior conviction for assault with a deadly weapon on a peace officer or firefighter.

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.